UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| ERNEST A. SOUTHALL, )<br>    PLAINTIFF, )<br> )<br> )<br>V. )<br> )<br> )<br>USF HOLLAND, LLC, )<br>OCCUPATIONAL HEALTH CENTERS )<br>OF THE SOUTHWEST, P.A. CO., )<br>TEAMSTERS LOCAL 480, )<br>    DEFENDANTS. ) | CIVIL NO. 3:19-CV-01033<br>JUDGE RICHARDSON<br>MAGISTRATE JUDGE NEWBERN<br>JURY DEMAND |

## AMENDED COMPLAINT

Comes now, the Plaintiff, Mr. Ernest A. Southall ("Mr. Southall"), to file this Amended Complaint under the American with Disabilities Act of 1990("ADA"), as amended, 42 U.S.C. § 12101 et seq., due to the discrimination, retaliation, interference, and interactive process breakdown/neglecting to provide a reasonable accommodation. Mr. Southall also files this third-party breach of contract claim pursuant to Tennessee common law.

### Jurisdiction and Venue

1. This Honorable Court holds jurisdiction pursuant to (a) 28 U.S.C. § 1331, (b) 28 U.S.C. § 1337, (c) 28 U.S.C. § 1343, (d) 42 U.S.C. § 12117, (e) 42 U.S.C. § 2000e-5, (f) 42 U.S.C. § 12133, and (g) 42 U.S.C. § 12188.

2. This Honorable Court further holds supplemental jurisdiction over the related state cause of action pursuant to 28 U.S.C. § 1367 and Rule 18. Fed. R. Civ. P.

3. Venue is proper pursuant to 28 U.S.C. § 1391.
4. Mr. Southall believes that much of this action arose in Davidson County, Tennessee; however, the extensiveness of his medical record disclosure is unknown.

## Parties

5. Mr. Southall is a resident of Davidson County, Tennessee.
6. The Defendant, USF Holland, LLC ("Holland"), is a Kansas corporation doing business in Tennessee.
7. Holland's principal office is located at 10990 Roe Ave Stop A515, Overland Park, Kansas 66211-1213.
8. Holland's registered agent is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.
9. The Defendant, Occupational Health Centers of the Southwest, P.A. Co. ("Concentra") is a Texas corporation doing business in Tennessee.
10. Concentra's principal address is STE 1200W, 5080 Spectrum Drive, Addison, Texas 75001-4624.
11. Concentra's registered agent is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.
12. The Defendant, Teamsters Local 480 (the "Union"), is a labor union that does business in Tennessee.
13. The Union's principal place of business is 1050 Cornelia Street, Nashville, Tennessee 37217.

14. The Union may receive legal process by serving any officer, managing agent, or general agent at the Union's principal place of business.
15. Mr. Southall is an employee within the meaning of Title I of the ADA, 42 U.S.C. § 12111(4) and was discriminated against within the meaning of Title I of the ADA, 42 U.S.C. § 12112, Title II of the ADA, 42 U.S.C. § 12132, and Title III of the ADA, 42 U.S.C. § 12182.
16. Holland is an employer within the meaning of the Title I of the ADA, 42 U.S.C. § 12111(5).
17. Concentra is an agent of Holland within the meaning of Title I of the ADA, 42 U.S.C. § 12111(5).
18. Concentra is a public and/or private entity within the meaning of Title II of the ADA, 42 U.S.C. § 12131, and/or Title III of the ADA, 42 U.S.C. § 12181.
19. The Union and Concentra are covered entities within the meaning of Title I of the ADA, 42 U.S.C. § 12111(2).
20. Mr. Southall has been diagnosed with a disability within the meaning of the ADA, 42 U.S.C. § 12102.

## Procedural Requirements

21. Mr. Southall satisfied all procedural requirements with respect to the United States Equal Employment Opportunity Commission ("EEOC"). Ex. A, B, C, D.

## Facts

22. On or about November 8, 1999, Mr. Southall began working for Holland.
23. After Mr. Southall was diagnosed with sleep apnea in August of 2013, Holland and Concentra began discriminating against Mr. Southall because of the disability. Mr. Southall's sleep apnea substantially impaired his sleeping, breathing and respirating.
24. Mr. Southall has a history of having a severe form of sleep apnea that substantially limited his major life activities that included, but is not limited to sleeping, breathing and respirating. Ms. Southall also believes that the sleep apnea could have been worsened by his claustrophobia. Mr. Southall was regarded as having a disability by Holland, Concentra, and the Union.
25. On June 29, 2017 and June 30, 2017, Mr. Southall was removed from work after he testified in a deposition that was supposed to relate to Southall v. USF Holland, Inc., Case No. 3:15-cv-1266.
26. Mr. Southall filed a grievance with the Union as a result of his removal and requested a reasonable accommodation. Holland never granted the accommodation request, even though similarly situated drivers were able to perform non-driving work.

27. Upon information and belief, this removal was a pretext and done in collaboration with Holland, Holland's attorneys, Concentra, and Concentra's attorneys. Holland already knew or should have known about Mr. Southall's health, but they elected to wait until the deposition to give the impression that the removal was just.

28. After Concentra moved for fees, Mr. Southall learned that Concentra did not disclose correspondence reflected in its Fee Transactions on a privilege log in Southall v. USF Holland, Inc., Case No. 3:15-cv-1266, Doc. 237-3. Ex. E, Concentra's Fee Transactions. Much of these non-disclosed items have been marked with an asterisk for easy reference.

29. The Fee Transactions were verified as being accurate as it was stated that "[a]ll the work that was undertaken by attorneys in my law firm on behalf of Concentra was reasonable, necessary and in conformity with local standards for the Nashville, Tennessee legal community" in Southall v. USF Holland, Inc., Case No. 3:15-cv-1266, Doc. 237-1, PageID#: 5750; Ex. F, Aff. of Mr. Burns, p. 5.

30. After Holland moved for fees, Mr. Southall learned that its privilege log was also not accurate, Holland's attorney filed an affidavit in which it was admitted that

Page 5 of 17

Case 3:19-cv-01033   Document 59   Filed 04/10/20   Page 5 of 17 PageID #: 440

entries had been removed: "[l]astly, I exercised my discretion to remove certain entries related to matters with the EEOC or government agencies, matters relating to union grievances filed by Mr. Southall, privileged entries, certain entries related to document review or production, and certain entries related to client correspondence" in <u>Southall v. USF Holland, Inc.</u>, Case No. 3:15-cv-1266, Doc. 232-2, PageID##: 5529-5530, para. 17, Ex. G, Aff. of Mr. Doran, para. 17, pp. 2-3.

31. Holland's removed entries were not disclosed on the privilege log that it produced on or about February 28, 2018 in <u>Southall v. USF Holland, Inc.</u>, Case No. 3:15-cv-1266. Ex. H, Holland's Privilege Log.

32. Holland's attorneys also admitted to being involved in Mr. Southall's DOT process: "multiple follow-ups regarding Southall out-of-service letter and next steps" in <u>Southall v. USF Holland, Inc.</u>, Case No. 3:15-cv-1266. Holland's Fees, Doc. 232-1, PageID#: 5491; Ex. M, Holland's Fees.

33. On July 14, 2017, Concentra's attorney made the following statement: "[f]urther exchange of emails with atty. J. Doran re issues, *his plan* for potential de-certification of Southall as driver per refusal to provide medical records" in <u>Southall v. USF Holland,</u>

Inc., Case No. 3:15-cv-1266. Ex. E, Concentra's Fee Transactions, p. 29 (emphasis added).

34. In furtherance of the *plan*, Holland stated: "[c]ontinue dealing with Southall Department of Transportation certification issue" in Southall v. USF Holland, Inc., Case No. 3:15-cv-1266. Holland's Fees, Doc. 232-1, PageID#: 5491; Ex. M., Holland's Fees.

35. On August 4, 2017, Holland acknowledged that it could not disclose Mr. Southall's medical records: "[t]he company cannot comply with the request due to HIPPA law and legal limitations. Therefore, for the company to release this information to the union to satisfy this information request Ernest Southall must sign a release authorizing the company to proceed." Ex. I, Letter from Holland. Mr. Southall never signed the requested release.

36. In furtherance of the *plan*, Mr. Southall's medical records were produced at a grievance hearing as Holland stated:

    There's another email I have in here. This is just additional information that came up when I got the actual exhibits, which were the medical records, which are in your packets.

    You have my copy of the exhibits and the other packet that you have, these are actually the exhibits that are being mentioned in the deposition. I provided those records for you as well.

Ex. J, Union Tr. pp. 3, 5. These medical records were received for Southall v. USF Holland, Inc., Case No. 3:15-cv-1266.

37. In furtherance of the *plan*, Mr. Southall was forced to return to Concentra, while his discrimination lawsuit was pending against it. Ex. J., Union Tr., p. 18. Similarly situated drivers had the option of using other DOT providers, Ex. K.

38. Upon information and belief, the Union suggested that Mr. Southall return to Concentra due to pressure from Holland, Holland's attorneys, Concentra, and or Concentra's attorneys.

39. The Union represented Mr. Southall during the grievance hearing.

40. After Concentra moved for fees, Mr. Southall learned that on or about September 5, 2017, and in furtherance of the *plan*, the Holland and Concentra attorneys provided the Concentra doctor with information that they wanted to be considered during Mr. Southall's examination in Southall v. USF Holland, Inc., Case No. 3:15-cv-1266. Concentra's Fee Transactions, Ex. E, p. 33. Concentra's attorney stated, "[r]eview, study of emailed letter from J. Doran with list of info, facts for consideration for Concentra doc regarding plaintiff DTO certification exam." Id.

41. In furtherance of the *plan* and on or about February 23, 2018, emails circulated regarding Mr. Southall's Concentra visits in Southall v. USF Holland, Inc., Case No. 3:15-cv-1266. As Concentra's attorney stated, "[e]mail to A. Morrow re need to alert staff to Southall likely visit to clinic in with next days for re-certification." Concentra's Fee Transactions, Ex. E, p. 45.

42. After Concentra moved for fees, Concentra admitted to possessing documents that Mr. Southall requested well before it moved for summary judgment. Ex. L, Concentra's Discovery Requests, p. 12, question 3. Mr. Southall requested "a copy of all protocols, policies, rules, and procedures that Concentra had in effect from 2010 to 2011 and from 2013 to the present." Id.  On January 31, 2017, Concentra's attorney stated, "[r]eview and partial study of Concentra DOT manual re driver exams emailed from R. Jones for consideration of production issues with discovery." Concentra's Fee Transactions, Exhibit E, p. 12.

43. In furtherance of the *plan,* Concentra would treat Mr. Southall in accordance with the instructions that it received from its attorneys, Holland, and Holland's attorneys. Concentra's Fee Transactions, Ex. E, p. 33.

Concentra took Mr. Southall's one (1) year card without justification. Id.

44. The Union permitted Holland's attorneys to present evidence during the grievance hearing and did not stop Mr. Southall's medical records from being passed around. Attorneys are not permitted to present material during the grievance hearing.

45. Upon information and belief, the Union took no action to protect the unauthorized disclosure of Mr. Southall's medical records during the grievance hearing.

46. Upon information and belief, the Union knew or should have known that Holland did not have permission to disclose Mr. Southall's medical records.

47. Upon information and belief, the Union took no action to stop Holland's attorneys from submitting information during the grievance process.

48. Mr. Southall believes that Holland, Holland's attorneys, Concentra, Concentra's attorneys and the Union agreed to send him to Concentra for tactical reasons so that his DOT examinations could be manipulated.

49. Upon information and belief, the Union would permit interference with the grievance process.

50. The Union's behavior worsened because Mr. Southall filed charges with the National Labor Relations Board.

51. On some occasions, the Union would tell Mr. Southall that it would not help him with completing the grievance paperwork. Mr. Southall would have to complete the paperwork himself, if he wanted the grievance filed.

52. In January of 2018 and July of 2018, Mr. Southall sustained on-the-job injuries, and Holland began delaying medical care. Also, Holland used discriminatory retaliatory methods to ensure that Mr. Southall stayed in an older truck from 2018 through the present.

## ADA & Retaliation & Interference & Not Engaging in Interactive Process

53. Mr. Southall re-alleges and reincorporates by reference all allegations set forth in the preceding and subsequent paragraphs as if set forth herein.

54. Holland, Concentra, and the Union through their agents, representatives and employees intentionally, willfully and knowingly engaged in discrimination, retaliation and interference in violation of the ADA, 42 U.S.C. § 12101 et seq.

55. Holland through its agents, representatives and employees intentionally, willfully and knowingly engaged in discrimination against Mr. Southall by being unwilling to engage in the interactive process and make a reasonable accommodation for Mr. Southall.

56. Mr. Southall seeks injunctive relief to remedy Holland, Concentra, and the Union's wrongdoings on the basis that no other adequate remedy at law is available to redress the discriminatory, retaliatory, and interferential practice.
57. Holland, Concentra, and the Union's acts and or omissions constitute a violation of the ADA.
58. Holland, Concentra, and the Union's conduct as described above constitutes discrimination, retaliation, and interference against Mr. Southall because Mr. Southall engaged in activities protected by the ADA. The stated reasons for Holland, Concentra, and the Union's conduct were not the true reasons, but instead were a pretext to hide Holland, Concentra, and the Union's discriminatory, retaliatory and interferential animus.
59. Holland's conduct as described above constitutes an unwillingness to engage in the interactive process and provide a reasonable accommodation. The stated reasons for Holland's conduct were not the true reasons, but instead were a pretext to hide Holland's discriminatory, retaliatory and interferential animus.

<u>Breach of Contract as a Third-Party Beneficiary</u>

60. Mr. Southall re-alleges and reincorporates by reference all allegations set forth in the preceding and subsequent paragraphs as if set forth herein.
61. Upon information and belief, Concentra and Holland entered in a contract for the purpose of providing health care related services and or DOT examinations to Holland's employees.
62. Upon information and belief, Mr. Southall was supposed to benefit from the contract between Concentra and Holland, since he was a Holland employee whose job required him to get DOT physicals.
63. Upon information and belief, Concentra and its agents breached the contract when it chose not to make independent medical decisions, and thus aided Holland, Holland's attorneys and its agents in discriminating, retaliating, and causing interference as to Mr. Southall.
64. Upon information and belief, Holland and its agents breached the contract when it began interfering with Concentra's DOT examinations to accomplish its discriminatory, retaliatory, and interferential purpose.
65. Mr. Southall was an intended beneficiary of the contract that was executed by Holland and Concentra.

Prayer for Relief

Wherefore, the Plaintiff, Mr. Southall, prays that a judgment be rendered herein in his favor and against the Defendants, Holland, Concentra, and the Union, as listed below.

1. Mr. Southall is requesting that process be issued and served upon Holland, Concentra, and the Union.
2. Mr. Southall is further requesting that this Honorable Court empanel a jury to hear this cause.
3. Mr. Southall is further requesting that this Honorable Court order Holland, Concentra, and the Union make him whole by compensating him for pecuniary losses, including, but not limited to appropriate lost earnings and insurance premiums, back pay, front pay, pre-judgment interest in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of unlawful discriminatory practices.
4. Mr. Southall is also requesting that lost mileage be restored.
5. Mr. Southall is further requesting that this Honorable Court make him whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be proven at trial.
6. Mr. Southall is further requesting punitive damages in amounts to be proven at trial.

7. Mr. Southall is further requesting appropriate injunctive and declaratory relief, including a permanent injunction enjoining Holland, Concentra, Union, their employees, agents, officers, successors, assigns and all persons in active concert or participation with them from engaging in disability discrimination, retaliation, interference, and interactive process breakdown.
8. Mr. Southall is further requesting that the injunction be extended to cover any other disability discrimination practice by Holland, Concentra, and the Union.
9. Mr. Southall is further requesting that Holland, Concentra, and the Union, their employees, agents, officers, successors, assigns and all persons in active concert or participation with them be ordered to institute and carry out policies, practices, and programs, which provide equal employment opportunities to victims of disability discrimination.
10. Mr. Southall is further requesting that this Court find that Holland, Concentra, and the Union violated the ADA by engaging in discrimination, retaliation, and interference.
11. Mr. Southall is further requesting that this Court find that Holland did not engage in the interactive process and neglected to provide a reasonable accommodation.

12. Mr. Southall is further requesting that this Court find that Holland and Concentra breached the contract that was executed for the benefit of Mr. Southall.

13. Mr. Southall is further requesting court costs, including any discretionary costs.

14. Mr. Southall is further requesting an award of reasonable attorney's fees.

15. Mr. Southall is further requesting such other relief that he may be entitled to receive.

16. Mr. Southall is further requesting such other relief as this Honorable Court may deem appropriate.

Date: February 18, 2020    Respectfully submitted,

> s/ Gina Crawley
> Gina Crawley
> Tenn. Sup Ct. No. 026256
> Law Office of GRC
> Post Office Box 40265
> Nashville, Tennessee 37204
> 615-829-1392 (telephone no.)
> grclawoffice@gmail.com (email)
> Attorney for Plaintiff,
> Mr. Ernest A. Southall

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served via the Court's electronic filing system as listed below on this the 18th day of February, 2020.

| | |
|---|---|
| Mr. Steven E. Anderson | Mr. Robert M. Burns |
| Anderson & Reynolds, PLC | Mr. Austin Evans |
| 120 30th Avenue North | Howell & Fisher, PLLC |
| Nashville, Tennessee 37203 | 3310 West End Avenue |

sanderson@andersonreynolds.com

Mr. John Alan Doran  
Ms. Lori Wright Keffer  
Sherman & Howard, L.L.C.  
7033 E. Greenway Pkwy., Ste. 250  
Scottsdale, Arizona 85254  
jdoran@shermanhoward.com  
lkeffer@shermanhoward.com

Nashville, Tennessee 37203  
rburns@howell-fisher.com  
aevans@howell-fisher.com

Mr. Samuel Morris  
Mr. Timothy Taylor  
Godwin, Morris,  
Laurenzi & Bloomfield, P.C.  
50 North Front St., Suite 800  
Memphis, Tennessee 38103  
901-528-1702 (telephone no.)  
smorris@gmlblaw.com

   s/Gina Crawley