IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERNEST A. SOUTHALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>USF HOLLAND, LLC, et al., )<br>)<br>Defendants. )<br>) | NO. 3:19-cv-01033<br>JUDGE RICHARDSON |

## **MEMORANDUM OPINION**

Pending before the Court are a Second Motion to Dismiss filed by Defendant Teamsters Local Union 480 ("Union") (Doc. No. 61); a Motion to Dismiss filed by Defendant USF Holland, LLC ("Holland") (Doc. No. 72); and a Motion to Dismiss filed by Defendant Occupational Health Centers of the Southeast, P.A. Co. ("Concentra") (Doc. No. 74). Plaintiff filed responses (Doc. Nos. 75, 85, and 86), and Defendants filed replies (Doc. Nos. 84, 89, and 90). The motions are ripe for review.

### **BACKGROUND**

Plaintiff's Amended Complaint alleges: (i) claims against all three Defendants for "discrimination, retaliation, interference, and interactive process breakdown/neglecting to provide a reasonable accommodation" under the Americans with Disabilities Act ("ADA"); and (ii) a "third-party breach of contract claim" against Holland and Concentra (Doc. No. 59). The facts underlying this action are basically the same as those found in *Southall v. USF Holland, LLC*, No. 3:15-cv-1266, 2018 WL 6413651 (M.D. Tenn. Dec. 5, 2018) and *Southall v. USF Holland, LLC*, 794 F. App'x 479 (6th Cir. 2019) (together referred to herein as "*Southall I*").

In *Southall I*, Plaintiff alleged, among other things, claims against Holland and Concentra[1] for discrimination, failure to accommodate, and retaliation in violation of the ADA, based upon his alleged disability of sleep apnea. This Court granted summary judgment for Defendants, finding that Plaintiff was not a "qualified[2] individual with a disability" under the ADA and, therefore, not entitled to bring his claims under that statute. Even though Plaintiff sued based on an alleged disability of sleep apnea, he testified that his sleep apnea did not affect any of his major life activities and that he never considered sleep apnea to be a sleep disorder. *Southall,* 2018 WL 6413651 at *7. Thus, Plaintiff failed to meet the threshold burden for bringing his ADA claims, showing that he had an actual disability. *Id.* at *8. The Court also found that Plaintiff had not shown that he was "regarded as disabled" under the ADA. *Id.* The Sixth Circuit affirmed this Court's rulings.

Now Plaintiff has brought this lawsuit, again alleging claims under the ADA and again claiming that his sleep apnea is a "disability" under that Act. In his Amended Complaint, Plaintiff retells the narrative of *Southall I* as a type of conspiracy among Defendants and their counsel. In response, Defendants argue, among other things, that Plaintiff's ADA claims are barred by the doctrines of res judicata and collateral estoppel (claim and issue preclusion). Defendants also contend that Plaintiff's breach of contract claim could and should have been brought in *Southall I* and is also precluded herein.

---

[1] The Union was not a Defendant in *Southall I.*

[2] The Court found that Plaintiff was not "qualified" to operate a commercial motor vehicle because federal law prohibits him from doing so unless he possesses a valid Department of Transportation ("DOT") certificate, which Plaintiff did not possess at the relevant times Holland did not allow him to drive for Holland.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*.; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations – factual

3

allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

An action barred by res judicata or collateral estoppel is properly dismissed for failure to state a claim pursuant to Rule 12(b)(6). *Harrell v. Bank of Am. N.A.*, Civil Action No. 1:18-cv-01128-MLB-RGV, 2018 WL 6694886, at *4 (N.D. Ga. Nov. 2, 2018) (citing *Vereen v. Everett,* 2009 WL 901007, at *3 (N.D. Ga. Mar. 31, 2009) (finding claims barred by res judicata where "a comparison of the allegations in the [earlier and later complaints] ... show[s] that all of the previous litigation arises from the same nucleus of operative facts.")); *see also Rumbo Perez v. Espinoza*, Case No. EDCV 19-2190 JGB (SPx), 2020 WL 2095804, at *3 (C.D. Cal. Jan. 21, 2020) ("The Court begins with a comparison of the claims in Perez I and the Complaint.")

## ADA CLAIMS

From well before our country's founding, judicial tribunals have recognized the need for doctrines like claim preclusion (or "res judicata") and issue preclusion (or "collateral estoppel") to protect the finality of their judgments and prevent parties from relitigating the same disagreement in perpetuity. *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 490 (6th Cir. 2021). In federal cases, the "preclusive effect of a federal-court judgment [like the judgment in *Southall I*] is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008), *cited in Krlich v. City of Hubbard*, No. 4:20-cv-1190, 2021 WL 63279, at *3 (N.D. Ohio Jan. 7, 2021) and M*erial, Inc. v. Sergeant's Pet Care Prod., Inc.*, 806 F. App'x 398, 405 (6th Cir. 2020).

In Anglo-American jurisprudence, "claim preclusion" (described below) has frequently been used synonymously with "res judicata," and issue preclusion has frequently been used synonymously with "collateral estoppel." But alas, the terminology is not quite so simple in federal

4

court, wherein the term "res judicata" sometimes is used as if it refers to both claim preclusion and issue preclusion. *Taylor*, 553 U.S. at 892 ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"); *Howse v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, No. 3:18-01148, 2021 WL 124301, at *6 (M.D. Tenn. Jan. 13, 2021) ("Generally, *res judicata* precludes the judicial review of issues and claims that have previously been litigated." (citing *Rawe v. Liberty Mut. Ins. Co.*, 462 F. 3d 521, 528 (6th Cir. 2006))).[3] But that is not always the case; sometimes "res judicata" is used to refer only to claim preclusion. *See, e.g., Golden v. Comm'r of Internal Revenue*, 548 F.3d 487, 494–495 (6th Cir. 2008) (referring to "the doctrine of res judicata, also known as claim preclusion"). Below, the Court will use the traditional terminology, using "res judicata" to refer only to claim preclusion and "collateral estoppel" to refer only to issue preclusion.

Under federal common law, res judicata applies when there is: (1) a final decision on the merits by a court of competent jurisdiction;[4] (2) a subsequent action between the same parties or their "privies;"[5] (3) an issue in the subsequent action which was litigated or which should have

---

[3] *Rawe* also relies on the principle that preclusive effect of a federal-court judgment is determined by federal common law. *Rawe*, 462 F. 3d at 528.

[5] Res judicata can apply in a second lawsuit even where the parties are different from the parties involved in the first lawsuit. *Funk-Vaughn v. Rutherford Cty., Tennessee*, No. 3:18-cv-01311, 2019 WL 4727642, at *2, n.2 (M.D. Tenn. Sept. 27, 2019). This is tantamount to saying that the new (different) parties in the second lawsuit can be "privies" of one or more parties in the first lawsuit for purposes of the "parties or their privies" requirement. *Id.* The notion of "parties or their privies" in this context is somewhat amorphous, but it is not narrow. *Id.* The Sixth Circuit has warned, albeit in a different context, against taking an overly narrow view of the concept of "party and privies" for res judicata purposes. *Id.* (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (6th Cir. 1992)).

5

been litigated in the prior action; and (4) an identity of the causes of action.[6] *Askew v. Davidson Cty. Sheriff's Office*, No. 3:19-cv-00629, 2020 WL 587424, at *3 (M.D. Tenn. Feb. 6, 2020) (quoting *Clemons v. Ohio Bureau of Workers' Comp.*, No. 17-4092, 2018 WL 1845871, at *1 (6th Cir. Mar. 8, 2018)). As suggested above, these "[f]ederal res judicata principles apply because the initial case [*Southall I*] was filed in, and judgment was rendered by, this Court." *Askew*, 2020 WL 587424, at *3. If res judicata applies, then "'successive litigation of the very same claim [is foreclosed], whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor*, 553 U.S. at 892 (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748, (2001)).

The elements of claim preclusion are satisfied here. In *Southall I*, there was decision on the merits—indisputably final after this Court's decision, the Sixth Circuit's affirmance, and the expiration of the time to seek a writ of certiorari from the Supreme Court—of Plaintiff's ADA claims. There is now a subsequent action (this action) between the same parties as in *Southall I* (that is, between Plaintiff and Holland and Concentra, though not also the Union); whether Plaintiff was a "qualified individual with a disability" for purposes of an ADA claim both *would be* an issue

---

[6] There are certainly other, and some might say preferable, ways of articulating the elements of res judicata. For example, the requirement here of an "issue" mutually present in the current and former action could confuse the reader into thinking that these are the elements of collateral estoppel (issue preclusion), when in fact collateral estoppel has its own elements under federal common law. *See In re Calvert*, 105 F.3d 315, 318 & n.2 (6th Cir. 1997) ("[I]n order to invoke collateral estoppel [under federal common law] (1) the precise issue must have been raised in the prior proceeding, (2) the issue must have been actually litigated, and (3) the determination of the issue must have been necessary to the outcome."). Whether for this or some other reason(s), many courts say nothing about a requirement of common issues. *See, e.g., Johnson v. Dep't of Veterans Affairs*, 611 F. App'x 496, 497 (10th Cir. 2015) ("Four elements [of collateral estoppel] exist: 1. entry of a final judgment in the earlier proceedings, 2. identity or privity of the parties in the two suits, 3. identity of the cause of action in both suits, and 4. a full and fair opportunity to litigate the claim in the earlier proceedings."). But the Court is constrained to use the elements of res judicata prescribed by the Sixth Circuit.

6

in the current action and *was* an issue litigated and decided in the prior action; and both the prior lawsuit and this lawsuit involve(d) causes of action pursuant to the ADA. Plaintiff's ADA claims that rely upon his having a disability are barred by res judicata.[7]

To the extent any of Plaintiff's ADA claims herein do not depend upon a finding that Plaintiff has a disability, the Court finds that they are nonetheless barred. The third element of res judicata "not only prohibits parties from bringing claims they already have brought, but also from bringing those claims they *should* have brought." *Cedillo v. TransCor Am., LLC*, 131 F. Supp. 3d 734, 742 (M.D. Tenn. 2015) (quoting *Heike v. Cent. Michigan Univ. Bd. of Trustees,* 573 F. App'x 476, 482 (6th Cir.2014) (emphasis in original)). Thus, "plaintiffs cannot avoid the effects of claim preclusion by merely repacking their grievances into alternative theories of recovery or by seeking different remedies." *Id.; Heike,* 573 F. App'x at 482. Any claims arising under the ADA with regard to Plaintiff's employment with Holland and the various disputes concerning his DOT certifications (or lack thereof), including those issues raised at the related Union grievance hearing, could and should have been brought in the prior proceeding.

As for any claim against the Union based upon the ADA, there are two bases for dismissing such a claim. First, any ADA claim based upon Plaintiff's alleged disability, regardless of against whom it is asserted, is barred by collateral estoppel. Collateral estoppel precludes relitigation of issues of fact or law actually litigated and decided in a prior action and necessary to the judgment. *Funk-Vaughn v. Rutherford Cty., Tennessee*, No. 3:18-cv-01311, 2019 WL 4727642, at *3 (M.D.

---

[7] Plaintiff's argument that Concentra has somehow *waived* its arguments for dismissal changes nothing about this Court's ruling. Concentra set forth its arguments for dismissal in its motion (Doc. No. 74) and joined in and relied upon Holland's memorandum of law in support of its motion. Nothing about Plaintiff's argument in response (Doc. No. 85) even addresses, much less changes the fact that his claims are precluded by issue and claim preclusion.

7

Tenn. Sept. 27, 2019). Under federal common law, four requirements must be met before issue preclusion applies: (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.[8] *Id.* (quoting *Ga.-Pac. Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012)).

There is no requirement that a defendant seeking the benefits of issue preclusion be either a party or "privy" of a party in the prior lawsuit; only the party against whom collateral estoppel is invoked need have been a party in the prior lawsuit. *Funk-Vaughn,* 2019 WL 4727642, at *3.[9] This means, among other things, that a defendant is allowed to apply "defensive" nonmutual collateral estoppel where the plaintiff was shown to have been afforded a full and fair opportunity

---

[8] The Court realizes that these elements are different from the three elements of collateral estoppel identified by the Sixth Circuit in *In re Calvert.* Alas, as the undersigned observed a quarter-century ago, this kind of inconsistency is par for the course when it comes to a court's statements of its own set(s) of elements for collateral estoppel. Eli J. Richardson, *Taking Issue with Issue Preclusion: Reinventing Collateral Estoppel*, 65 Miss. L.J. 41, 59 (1995) (lamenting that "courts— even within the same jurisdiction—set forth differing versions of the collateral estoppel [elements]"). Suffice it to say that it is more than appropriate for the Court to cite to the elements in the more recent *Ga.-Pac* case rather than the elements stated in *In re Calvert*—which apparently would result in the same outcome anyway.

[9] Under issue preclusion, once an issue is actually determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on different causes of action when used against any party to the prior litigation. *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 5:15-cv-1608, 2017 WL 4102371, at *4 (N.D. Ohio Sept. 15, 2017).

to litigate in the first action. *Id*. Thus, the difference in the identity of defendants between the first and second lawsuits is of no consequence. *Id.*[10]

Here, the precise issue of whether Plaintiff has a disability for purposes of the ADA was raised and actually litigated in *Southall I*, and the determination of that issue was necessary to the outcome. The prior proceeding resulted in a final judgment on the merits (as noted above), and Plaintiff (the party against whom estoppel is sought) had a full and fair opportunity to litigate the issue in *Southall I*.[11]

Thus, the issue of whether Plaintiff had a disability, for purposes of the ADA, has been decided against him. Yet Plaintiff insists on rearguing that he has a sleep apnea disability. For example, in response to the Union's motion, Plaintiff asserts that the Union "had a role in discriminating, retaliating, and interfering against Mr. Southall *because of his sleep apnea disability*." (Doc. No. 75 at 4 (emphasis added)). As already determined by the Court, Plaintiff *did not have* a sleep apnea disability at the relevant time, and nothing about this lawsuit changes that fact (or should be permitted to change that determination). Therefore, relitigation of that issue is precluded, and based on the resolution of that issue on the first go-round, Plaintiff cannot possibly

---

[10] The Sixth Circuit has held that a district court may dismiss a cause of action based on claim or issue preclusion even if the complaint includes "a change in legal theory or the 'cast of characters—defendants.'" *Ga.-Pac.*, 701 F.3d at 1098, *cited in Funk-Vaughn*, 2019 WL 4727642 at *1.

[11] Plaintiff asserts that this Court's prior opinion fails to show that Plaintiff had a full and fair opportunity to litigate in *Southall I*. (Doc. No. 75 at 9). Yet, Plaintiff offers nothing to show otherwise. The Court has no doubt that Plaintiff had a full and fair opportunity to litigate his claims (and the issue of whether Plaintiff had a disability) in *Southall I*. Indeed, as evidenced by the docket and shown through Defendants' motions for attorneys' fees and this Court's ruling thereon, Plaintiff had numerous "bites at the apple" on many issues. If Plaintiff simply failed to assert all of his claims, that does not mean he was deprived of a full and fair opportunity to litigate.

9

prevail on his ADA claims. Those claims therefore will be dismissed based on a straightforward application of collateral estoppel.

Secondly and alternatively, as explained above, the third element of res judicata "not only prohibits parties from bringing claims they already have brought, but also from bringing those claims they *should* have brought." *Cedillo*, 131 F. Supp. 3d at 742. Here, any of Plaintiff's claims against the Union, for its alleged "participation" in ADA discrimination and retaliation, "could have been brought" in the prior litigation. The Court finds that this claim preclusion applies to the Union even though it was not a party to *Southall I*.

The Sixth Circuit has recognized that "[f]ederal courts are no longer bound by rigid definitions of the parties or their privies for purposes of applying res judicata or collateral estoppel." *Ranir, LLC v. Dentek Oral Care, Inc.*, No. 1:09-CV-1056, 2010 WL 3222513, at *4 (W.D. Mich. Aug. 16, 2010) (quoting *Vulcan, Inc. v. Fordees Corp.,* 658 F.2d 1106, 1111 (6th Cir.1981)). Traditionally, privity was strictly required for application of preclusion; a party could not enjoy the benefit of an earlier action unless they would have been bound by it. *Id.* More recently, however, many federal circuits have left behind the traditional mutuality requirement for some defensive uses of claim preclusion. *Id.* Under certain circumstances, a defendant in a subsequent action can take advantage of the claim-preclusive effect of a prior judgment involving the same plaintiff and different defendants. *Id.* As the Third Circuit has observed, "a lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action." *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 966 (3d Cir.1991)).

10

More recently, another court in this circuit observed: "Nonmutual claim preclusion does not appear to be a well-developed area of the law." *State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.*, No. 2:16-cv-13040, 2019 WL 7593842, at *6 (E.D. Mich. Oct. 9, 2019) (citing *Ranir,* 2010 WL 3222513, at *4-5). "'The Sixth Circuit has not definitively identified those circumstances where a non-party to an initial suit can invoke claim preclusion as a defense in a later action.'"). *Id.* (quoting *Ranir,* 2010 WL 3222513, at *4-5). In *Platsis v. E.F. Hutton & Co., Inc.*, 946 F.2d 38 (6th Cir. 1991), the Sixth Circuit affirmed the district court's use of the following factors to decide that mutuality was not required for claim preclusion under the circumstances of that case: (1) the stranger to the first action is so closely related to one of the parties that a subsequent claim will merely repeat the prior claim; (2) there was no reason why the plaintiff could not have asserted these claims in the prior proceeding; and (3) the precluded plaintiff had a full and fair opportunity to litigate the issues involved during the prior proceeding." *Id.* at 42-3, *cited in State Farm,* 2019 WL 7593842, at *6.[12]

The Court finds that Plaintiff's claims against the Union "could have been brought" in *Sullivan I*. The second and third factor strongly support this conclusion. Regarding the second factor, Plaintiff now asserts that the Union did nothing to stop Holland from sharing Plaintiff's medical records at his grievance hearing. (Doc. No. 59 at ¶¶ 44-47). Setting aside the fact that the

---

[12] The First Circuit, summarizing authorities, explained that "claim preclusion applies if the new defendant is 'closely related to a defendant from the original action—who was not named in the previous lawsuit,' not merely when the two defendants are in privity." *Elbert v. Carter*, 903 F.3d 779, 783 (8th Cir. 2018) (quoting *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 17 (1st Cir. 2010)) These decisions reject the contention that nonparty defendants to an initial action can invoke claim preclusion as a defense in a later suit only if they can show that the nonparty defendant was in privity with the initial defendant. *Id.* The undersigned sees the merit in such decisions, which decline to assign great significance to the amorphous and analytically unhelpful (and arguably antiquated) term, "in privity."

11

Court is unsure how the Union's alleged failure to act constitutes a violation of the ADA, the grievance hearing was significant to and implicated in several disputes in *Southall I* (*see, e.g.,* Case No. 3:15-cv-1266, Doc. No. 77 at 25-26 (indicating that both Plaintiff's counsel and the Magistrate Judge stated that *Southall I* and the union grievance hearing had overlapping issues and impacted each other)). Plaintiff could have sought to add the Union as a party and raised this claim against the Union in that action. All Plaintiff's bluster about the grievance hearing is no basis for this second lawsuit. And regarding the third factor, as discussed above Plaintiff absolutely had a full and fair opportunity to litigate the issues involved the first time.

The elements required to bring an ADA claim have not changed since *Southall I*. Nor has Plaintiff's prior deposition testimony that he did not have a disability. Filing a second lawsuit and adding the Union as a Defendant did not somehow impart upon Plaintiff a disability he has conclusively been determined not to have had. No court has overturned this Court's finding that Plaintiff did not have a disability for purposes of the ADA and, therefore, he is not entitled to bring related claims thereunder. Plaintiff's bringing of a second ADA action, based upon the same facts, is frivolous.

To the extent that any aspect of Plaintiff's ADA claims herein were not specifically raised in *Southall I,* again, the Court finds that those ADA claims *could* have been raised in the prior proceeding and *should* have been raised in the prior proceeding. Many of Plaintiff's allegations in the Amended Complaint (Doc. No. 59) are based upon descriptions in the documentation supporting defense counsel's fee requests in *Southall I*. Defendants' motions for attorney's fees and supporting documentation were filed in *Southall I* on January 4, 2019 (*see* Case No. 3:15-cv-1266, Doc. Nos. 191 and 194). Plaintiff filed a response to the motions for attorneys' fees on January 18, 2019 (*Id.* at Doc. No. 203), objecting to Defendants' claims for fees.

Clearly, therefore, Plaintiff knew as early as January 4, 2019 about the facts upon which he now relies. Yet he failed to raise the claims he now asserts at any time before this Court (on February 6, 2019) dismissed the motions for attorneys' fees without prejudice to being refiled. (*Id.* at Doc. No. 214). He also failed to seek a stay of his appeal once he discovered these alleged facts or to raise these claims on appeal. Plaintiff provides no evidence that the claims based upon defense counsel's motions for fees could not have been presented in *Southall I* and no explanation as to why they were not.

For these reasons, the Court finds that Plaintiff's ADA claims herein should be dismissed based upon claim preclusion and issue preclusion.

## BREACH OF CONTRACT CLAIM

Plaintiff asserts that "upon information and belief," Concentra and Holland entered into a contract for the purpose of Concentra providing healthcare-related services and DOT examinations to Holland's employees and that, "upon information and belief," Plaintiff was supposed to benefit from that contract.[13] Plaintiff also contends that "upon information and belief," Concentra breached that contract by choosing not to make independent medical decisions and Holland breached the contract by interfering with Concentra's DOT exams.

In *Southall I*, Plaintiff alleged that Holland inappropriately influenced Concentra's decisions regarding his certification to drive and wrongfully requested that Concentra disqualify him for 90 days. *Southall*, 2018 WL 6413651, at *9. The Court found that Plaintiff had not offered

---

[13] Although Concentra asserts that Plaintiff admitted there was no contract between Concentra and Holland which applied to services provided in connection with Plaintiff, the response upon which Concentra relies merely agrees that that fact is undisputed for summary judgment purposes only. (Case No. 3:15-cv-1266, Doc. No. 157-1 at ¶ 35). The Court will not construe this fact as undisputed for present purposes. As noted above, however, this claim nevertheless is subject to dismissal.

13

sufficient evidence to show a genuine issue of material fact as to whether Holland inappropriately influenced Concentra *in any way*. *Id.* at *10. Plaintiff appealed this Court's ruling, and the Sixth Circuit affirmed. Plaintiff cannot raise the same claim again now under the label of breach of contract. Under a straightforward application of the above-outlined elements of both claim preclusion and issue preclusion, respectively: (i) Plaintiff's breach of contract claim is (directly) precluded; and (ii) Plaintiff's relitigation of the issue of whether Holland inappropriately influenced Concentra is precluded, thus (indirectly) eliminating any possibility of Plaintiff establishing the breach (of alleged contractual provisions allegedly intended for Plaintiff's benefit) he needs to establish to prevail on this claim.

## CONCLUSION

Plaintiff himself has summed up the reason this case must be dismissed. In response to Holland's motion, Plaintiff states: "Justice is requiring that this case move forward so that Mr. Southall can finally get the opportunity to present the full picture to the Court and not one that has been edited by the Defense, especially since Holland and Concentra's attorneys have admitted to obstructive behavior, which shows that they discriminated, retaliated, and interfered along with their clients." (Doc. No. 86 at 1). The gist of Plaintiff's statement here is that he should get a do-over of *Southall I* "to present a full picture" of the matters decided in *Southall I*. Certainly the allegations of Plaintiff's Amended Complaint herein arose from the same underlying facts as *Southall I*.

All of Plaintiff's allegations were either raised or could and should have been raised in *Southall I*. Plaintiff is still arguing about the decisions against him in the prior proceeding. It is too late for Plaintiff to start over because he lost his first lawsuit. Both issue preclusion and claim preclusion prohibit a second crack (at a claim or an issue, respectively) arising from the same facts.

14

And as for Plaintiff's claim that he did not have a full and fair opportunity to litigate his claims in *Southall I*, it is nonsense.

For all these reasons, each of the Defendants' respective Motions to Dismiss (Doc. Nos. 61, 72, and 74) will be granted, and this action will be dismissed. An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE