UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERNEST A. SOUTHALL, <br><br> Plaintiff(s), <br><br> v. <br><br> USF HOLLAND, INC., et al., <br><br> Defendant(s). | Case No. 3:19-cv-01033 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern |

# MEMORANDUM ORDER

Pending before the Court are renewed motions for attorneys' fees filed by Defendant USF Holland, Inc. (Holland) (Doc. No. 138), and Defendant Occupational Health Centers of the Southeast, P.A., Co. (Concentra) (Doc. No. 140).[1] Plaintiff Ernest A. Southall filed a single response in opposition to both motions (Doc. No. 143). Holland and Concentra filed replies (Doc. Nos. 147, 148). For the reasons that follow, Holland's motion for attorneys' fees (Doc. No. 138) will be granted. Concentra's motion (Doc. No. 140) will be denied.

## I. Background

These motions for attorneys' fees—like everything else filed in this follow-on case—are "déjà vu all over again."[2] As this Court has already found, "[t]he facts underlying this action are basically the same as those found in *Southall v. USF Holland, LLC*, No. 3:15-cv-1266, 2018 WL 6413651 (M.D. Tenn. Dec. 5, 2018) and *Southall v. USF Holland, LLC*, 794 F. App'x 479 (6th Cir. 2019) (together referred to herein as "*Southall I*")." (Doc. No. 105.) In his first case, Southall

---

[1] Defendant Teamsters Local 480—not named as a defendant in *Southall I*—has not moved for a fee award.

[2] Yogi Berra, The Yogi Book: "I Really Didn't Say Everything I Said!" 29–30 (1999).

brought claims under the Americans With Disabilities Act (ADA) alleging discrimination, failure to accommodate, and retaliation on the basis of his claimed disability of sleep apnea. The Court granted summary judgment to Holland and Concentra based on a finding that Southall was not a qualified individual with a disability and, thus, was not entitled to relief under the ADA. That finding was based, in large part, on Southall's own testimony that he did not consider sleep apnea to be a disabling condition. In this case, Southall makes the same claims under the ADA, recast as a conspiracy among Holland, Concentra, and the Teamsters Local Union 480, and alleges a new "third-party breach of contract claim" against Holland and Concentra. (Doc. No. 59.) Because all of the allegations and claims Southall raises in this action "were either raised or could and should have been raised in *Southall I*," the Court found them barred by issue preclusion and claim preclusion and granted the Defendants' motions to dismiss. (Doc. No. 105.) The Sixth Circuit affirmed the dismissal. (Doc. No. 136.) As they did in *Southall I*, Holland and Concentra now seek attorneys' fees as prevailing parties under the ADA.

In *Southall I*, the Court awarded attorneys' fees to Holland and Concentra under the ADA, which provides that a court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. The Court also found that counsel for Plaintiff Ernest A. Southall "so multiplie[d] the proceedings in [this] case unreasonably and vexatiously" as to be jointly and severally liable for any fee award under 28 U.S.C. § 1927. Holland and Concentra now argue that the factors that recommended fee awards under the ADA in *Southall I* do so again and that the justification for joint and several liability between Southall and his counsel under § 1927 is enhanced in this case because it, unlike *Southall I*, was frivolous upon filing. Same song, second verse; a little bit louder, a little bit worse. As

Southall's claims largely mirrored those brought in *Southall I*, so does the Court's analysis of Holland and Concentra's fee motions.

II.     **Analysis**

The ADA provides courts with the discretion to award a reasonable attorney's fee to the prevailing party in an action brought under the statute. 42 U.S.C. § 12205. Where the prevailing party is a defendant, standards developed for fee shifting by prevailing defendants under other civil rights statutes apply to the court's analysis. *See, e.g.*, *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001); *Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 10–11 (1st Cir. 1999). Generally, a court may award fees to a prevailing defendant only upon a finding that the plaintiff's case was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate it after it clearly became so." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422 (1978). "A careful balance must be struck between chilling [discrimination claims], so central to the concept of equal opportunity, and saying that accusations, no matter how unfounded, may be brought immune from the usual rules of law which govern litigants." *Blue v. U.S. Dep't of Army*, 914 F.2d 525, 535 (4th Cir. 1990).

Having succeeded on their motions to dismiss and obtained final judgment in their favor on the pleadings, Holland and Concentra are the prevailing parties in this action. Further, for the reasons explained in the Court's Memorandum Opinion granting Defendants' motions to dismiss, Southall's "bringing of a second ADA action, based upon the same facts [as *Southall I*]"—which, by Southall's own account, was an attempt to continue to litigate the claims raised in *Southall I*— rendered this action "frivolous" upon filing. (Doc. No. 105.) Southall's arguments to the contrary in the context of Defendants' attorneys' fee motions work against him. (Doc. No. 143-1.) As he has done at every opportunity, Southall uses the bulk of his opposition to Defendants' fees motions

as an opportunity to argue, yet again, that his sleep apnea renders him a qualified individual with a disability for purposes of the ADA and that Holland and Concentra discriminated against him on that basis. (*Id.*) By doing so, Southall demonstrates that, without some form of sanction, he will persist, undeterred, in litigating this case after it has clearly become groundless. *Christiansburg Garment Co.*, 434 U.S. at 422. A fee award is appropriate under 42 U.S.C. § 12205.

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 applies an objective standard to the attorney's conduct, which must "fall[] short of the obligations owed by a member of the bar to the court and . . . cause[] additional expense to the opposing party" to warrant a sanction. *Kilgore v. Hunter*, No. 1:16-CV-340, 2018 WL 6613820, at *4 (E.D. Tenn. Nov. 27, 2018). "[A] court has discretion to impose § 1927 sanctions when an attorney has . . . pursued a claim that is 'without a plausible legal or factual basis and lacking in justification' . . . or 'pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound . . . ." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quoting *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)). Sanctions under § 1927 are also appropriate "'to impose a continuing duty upon attorneys to dismiss claims that are no longer viable.'" *Id.* (quoting *Dahnke v. Teamsters Loc. 695*, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990)). "It is especially appropriate to impose sanctions where the doctrines of *res judicata* and collateral estoppel plainly preclude relitigation of the suit." *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1417 (D.D.C. 1985). "The imposition of sanctions is one of the few options available to a court to deter and punish people who relitigate cases hopelessly foreclosed." *Id.*

There is little question that Southall's counsel's tactics have needlessly multiplied these proceedings in a way that generated unnecessary costs for Holland and Concentra. Filing the complaint in this action was a baseless attempt to revive claims already "hopelessly foreclosed" by this Court and the Court of Appeals. Defendants appropriately addressed the frivolous reprise of Southall's claims by responding to the complaint with motions to dismiss. Southall moved to amend the complaint partially as a matter of right under Federal Rule of Civil Procedure 15(a)(1).[3] Defendants then renewed their motions to dismiss to address the amended complaint. While the motions to dismiss were pending, Southall filed a baseless motion to disqualify counsel for Holland and Concentra. (Doc. No. 94.) Holland and Concentra were required to respond in opposition to the motion, which was terminated without resolution when the Court granted Defendants' motions to dismiss. (Doc. Nos. 99, 100.) After the Court entered final judgment, Southall filed a meritless motion to alter or amend the judgment, to which Defendants were required to respond. (Doc. No. 108.) Southall then filed four separate notices of appeal over five months, including, as Holland points out, after briefing in the Sixth Circuit had been initiated. (Doc. Nos. 116, 128, 132, 133.) The Sixth Circuit found no merit in any of Southall's arguments on appeal. (Doc. No. 136.)

Each of these filings by Southall's counsel was an unreasonable attempt to prolong a case that never should have been filed. They unreasonably multiplied, delayed, and prolonged these proceedings, increasing litigation expenses for Defendants and frittering judicial resources. This is, therefore, the exceptional case in which counsel's conduct justifies imposing personal liability

---

[3] As explained in the Court's order granting Southall's motion to amend (Doc. No. 58), Southall was entitled to amend as a matter of right as to his claims against Holland and Concentra, but not the Union. The Court allowed amendment as to all Defendants, recognizing that the arguments the Union raised in opposition to Southall's motion to amend mirrored those it had raised in its dispositive motion and were more appropriately addressed in an anticipated renewed motion to dismiss. (*Id.*)

under § 1927. The Court will impose joint and several liability on Southall's counsel for all awarded fees.

### III.     Calculation of Fee Awards

As directed by statute, any award of fees to a prevailing party in an ADA action must be "reasonable." 42 U.S.C. § 12205. A reasonable fee award is "'adequate to attract competent counsel'" but "'does not produce windfalls to attorneys.'" *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983) (quoting *Northcross v. Bd. of Ed. of Memphis City Sch.*, 611 F.2d 624, 633 (6th Cir. 1979)). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Sixth Circuit has long recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass v. Sec'y of Health & Hum. Servs.*, 822 F.2d 19, 21 (6th Cir. 1987). After the lodestar is calculated, the court may increase or decrease that amount based on a number of factors, although "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."[4] *Hensley*, 461 U.S. at 434 n.9. The prevailing party must

---

[4] These factors, first articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974), are:

> (1) The time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesireability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999) (citing *Johnson*, 488 F.2d at 717–19).

provide documentation to support the requested fee award. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007). Ultimately, the decision to award fees and the amount of fees to be awarded are committed to the court's discretion. 42 U.S.C. § 12205.

    A.    <u>Concentra's Fee Award</u>

Southall argues that Concentra has "waive[d] and forfeit[ed]" its fee award because its motion for fees was untimely and not supported by a memorandum of law or sufficient authority, its adoption of Holland's motion for fees and supporting memorandum of law under Federal Rule of Civil Procedure 10(c) was improper, and it did not argue that this action was filed for an improper purpose when it opposed Southall's motion to amend the complaint. (Doc. No. 143-1.) Southall's first two arguments have merit; the third does not.

Motions for attorneys' fees and costs are addressed by this Court's Local Rule 54.01, which provides that, [u]nless otherwise provided by statute or order of the Court, a motion for an award of attorney's fees . . . must be filed within thirty (30) days from the District Court's entry of final judgment in the case." M.D. Tenn. R. 54.01(b)(1) (after entry of district court judgment). A motion "for an award of attorney's fees . . . for appellate and Supreme Court litigation in the case must be made within thirty (30) days of the entry of the Sixth Circuit mandate . . . ." M.D. Tenn. R. 54.01(b)(2) (after any appeal). The Court entered judgment in this case on February 3, 2021. (Doc. No. 107.) Concentra timely filed its initial motion for attorneys' fees thirty days thereafter, on March 5, 2021. (Doc. No. 113.) After Southall noticed his appeal, the Court denied the defendants' fee motions "without prejudice to being re-filed once the appeal is completed." (Doc. No. 131.) The Sixth Circuit entered its mandate on March 25, 2022. (Doc. No. 137.) Holland filed its motion

for attorneys' fees thirty days later on April 25, 2022.[5] Concentra filed its motion one date later, on April 26, 2022. (Doc. No. 140.)

Concentra argues that its re-filed motion was timely under Local Rule 54.01 because the deadline was "otherwise provided" by the Court's order denying its original motion. (Doc. No. 148.) But the Court's order did not set a deadline for filing the renewed motions other than "once the appeal is completed." (Doc. No. 131.) Local Rule 54.01 directs that a fee motion made "after any appeal" be made within thirty days of issuance of the mandate. M.D. Tenn. R. 54.01(b)(2). Concentra's motion was, thus, a day late and filed without an accompanying motion for an extension of time.

The more serious shortcoming in Concentra's motion, however, is its lack of supporting argument. Local Rule 54.01 is explicit that "[a] motion or application for an award of attorney's fees must be supported by a separately filed memorandum of law as to the authority of the Court to make such an award, and as to why the movant should be considered the 'prevailing party,' if such is required for the award." M.D. Tenn. R. 54.01(c) (requirement for supporting documents; deadline for objections). This provision reinforces the Court's general rule that "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or other exhibits in support thereof." M.D. Tenn. R. 7.01(a)(2) (motion and supporting memorandum).

Concentra's motion and renewed motion fall short of these standards. (Doc. Nos. 113, 140.) Neither is accompanied by a memorandum of law; each contains barely a full page of argument.

---

[5] Thirty calendar days after March 25, 2022, was Sunday, April 24, 2022. Thirty days as computed under Federal Rule of Civil Procedure 6(a)(1)(C) was Monday, April 25, 2022. Fed. R. Civ. P. 6(a)(1)(C).

Instead, in both motions, Concentra "respectfully hereby gives notice of its joinder in and adoption by reference of Co-Defendant USF Holland's Motion for Attorney's Fees along with its Memorandum in Support of Same[,]" "adopts herein and incorporates as its own all arguments raised by USF Holland in the aforementioned pleadings[,]" and "points the Court to [certain] pages of USF's Memorandum of Law that most apply to Concentra[.]" (Doc. Nos. 113, 140.) Concentra cites Rule 10(c) as the authority that allows it to rely in full on its co-defendants' filings. (*Id.*) But Rule 10(c) provides that "[a] statement *in a pleading* may be adopted by reference in the same pleading or in any other pleading or motion." Fed. R. Civ. P. 10(c). A motion, of course, is not a pleading, and the narrowly tailored provisions of Rule 10(c) that allow adoption by reference of a pleading's specific allegations do not allow for a general adoption of another party's arguments made in support of a motion. *See Marco Int'l, LLC v. Como-Coffee, LLC*, No. 17-CV-10502, 2018 WL 1790171, at *1 (E.D. Mich. Apr. 16, 2018) ("Rule 10(c) merely provides that a statement made in a pleading may be adopted by reference elsewhere . . . Documents that constitute 'pleadings' are specifically enumerated in Fed. R. Civ. P. 7(a), and a motion (or a response to a motion) is not a pleading."). *But see* Wright and Miller, 5A Fed. Prac. & Proc. Civ. § 1326 (4th ed.) ("A few federal courts have allowed defendants to incorporate by reference prior motions made in the action, even though Rule 10(c) does not contemplate the incorporation of statements from prior motions (only statements 'in a pleading' may be adopted by reference elsewhere).").

In any event, reliance on its co-defendant's submissions in support of an award of attorney's fees would get Concentra only so far. That is because an award of attorney's fees is defendant-specific—involving requested attorney hourly rates, justification for such hourly rates, attorney hours worked, and justification for the hours worked that are unique to the particular defendant seeking an award—not least in cases involving multiple (co-)defendants

Southall correctly argues that Concentra has failed to support its motion for attorney's fees as this Court requires. The Court will deny Concentra's motion.

B.     Holland's Fee Award

Holland seeks fees billed by John Doran and Lori Wright Keffer from the law firm Sherman & Howard, located in Scottsdale, Arizona. Holland claims 57.6 hours billed by Doran and 148.4 hours billed by Keffer before judgment. (Doc. NO. 139-2.) It claims 33 hours billed by Doran and 40.3 hours billed by Keffer post-judgment and on appeal. (*Id.*) Holland requests an hourly rate of $615.00 for Doran and $325.00 for Keffer. (Doc. No. 139-3.)

"'[T]he [c]ourt has an independent duty to review the fee request to determine its reasonableness.'" *Howard v. Tennessee*, No. 3:16-CV-2829, 2018 WL 10151080, at *4 (M.D. Tenn. Dec. 14, 2018) (quoting *State Farm Fire & Cas. Co. v. Rowland Plumbing, Ltd.*, No. 5:11CV316, 2013 WL 5442302, at *2 (N.D. Ohio Sept. 27, 2013)). To determine the reasonableness of a requested hourly rate, "courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). "[R]easonable fees . . . are to be calculated according to the prevailing market rates in the relevant community . . . ." *Blum*, 465 U.S. at 895; *see also Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) ("To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."). A court may consider a number of data points to determine the reasonable hourly rate in its community, including proof of rates charged in similar cases, opinion evidence of reasonable rates, the attorney's actual billing rate

and prior fee awards, and the court's own expertise and judgment. *See Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010).

Doran, a partner at the law firm Sherman & Howard, provides an affidavit establishing his impressive professional credentials attained over more than thirty years of practice, primarily as a labor and employment lawyer. (Doc. No. 139-3.) Doran also attests to Keffer's approximately eleven years of law practice at the time of this case, including around nine years as an associate and special attorney at Sherman & Howard. (*Id.*) To establish the reasonableness of the rates requested by Doran and Keffer, Holland provides the affidavit of local counsel Steven E. Anderson, who opines, based on more than 30 years' experience practicing law in Tennessee, that the rates are reasonable "in light of the credentials and experience" of Doran and Keffer and "the prevailing rates charged by other law firms in the Nashville, Tennessee[,] area for attorneys with similar credentials and experience." (Doc. No. 139-4.) Anderson does not include any examples of the prevailing rates to which he compares the rates billed by Doran and Keffer, nor does he include his own hourly rate. (*Id.*) As in *Southall I*, the Court has reviewed the hourly rates applied in fee awards to counsel with qualifications and experience similar to Doran's and Keffer's and finds the requested rates to be higher than those generally awarded in this Court in similar litigation.

For example, in *Evans v. Caregivers, Inc.*, the magistrate judge reviewed numerous cases from this District establishing hourly rates "for experienced attorneys seeking recovery of fees in federal fee shifting statutes" and found the rate to range from between "$250.00 to $275.00 per hour" in 2013, to "$395 per hour as the high end rate for experienced attorneys in this jurisdiction" in 2015, and $350.00 per hour as a general hourly rate in 2018. No. 3:17-CV-402, 2018 WL 1899360, at *3 (M.D. Tenn. Apr. 20, 2018) (collecting cases). The magistrate judge recommended

$395.00 as an appropriate hourly rate for an attorney with "over thirty years of experience emphasizing employment matters" and an hourly rate of $250.00 per hour for an attorney with seven years of litigation experience.[6] (*Id.*) In an employment discrimination action brought under federal and state civil rights statutes, the Court approved a $450.00 hourly rate for an attorney with "over thirty-eight years of experience as a lawyer." *Hawkins v. Ctr. for Spinal Surgery*, No. 3:12-CV-01125, 2017 WL 6389679, at *4 (M.D. Tenn. June 21, 2017). More recently, the Court approved $450.00 as an appropriate hourly rate for an attorney with more than forty years' experience that included serving as the U.S. Attorney for the Middle District of Tennessee. *Kryder v. Rogers*, No. 1:13-CV-00048, 2019 WL 13160805, at *6–7 (M.D. Tenn. Mar. 29, 2019). In *Howard v. Tennessee*, the Court approved hourly rates from $450.00 to $600.00 for partner-level attorneys and $400.00 for an associate. *Howard*, 2018 WL 10151080, at *5.

The Court is mindful that "setting rates based on prior cases has the effect of capping attorney's fees." *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 447 (6th Cir. 2009). The Court also recognizes the extraordinary nature of the effort required to litigate this particular case. Considering the prevailing hourly rate for attorneys of similar experience to Doran during the timeframe addressed by this fee award, the Court finds that an hourly rate of $500.00 is appropriate. The Court finds $300.00 to be an appropriate hourly rate for Keffer.

Doran states by affidavit that he edited the submitted time records to adjust certain time entries, to remove hours billed by attorneys and staff other than himself and Keffer, and to "focus on key aspects of this litigation, including but not limited to drafting the motions to dismiss and appellate brief, and responding [to] Plaintiff's filings or motions." (Doc. No. 139-3.) Southall

---

[6] It appears that this matter settled before the magistrate judge's report and recommendation was considered by the district judge.

argues that the lawyers' time records contain entries that are excessive, represent block billing, or are vague, duplicative, or unnecessary. (Doc. Nos. 143-1, 143-2.) Having reviewed the time entries submitted, the Court does not find counsel's time entries vague or duplicative, or that they contain impermissible block billing. However, the Court will reduce the time entries to remove time not related to "key aspects" of the litigation, including preparing for and participating in case management conferences and issues related to discovery, which remained stayed throughout the litigation. The Court reduces Doran's pre-judgment hours to 36 and Keffer's pre-judgment hours to 140. The Court reduces Doran's post-judgment hours to 32.3 and maintains Keffer's post-judgment hours at 40.3.

Accordingly, the Court makes the following lodestar calculation for time billed before judgment:

| Attorney | Hours Billed | Hourly Rate | Total |
|---|---|---|---|
| Keffer | 140 | $300.00 | $42,000.00 |
| Doran | 36 | $500.00 | $18,000.00 |

The Court makes the following lodestar calculation for time billed post-judgment and on appeal:

| Attorney | Hours Billed | Hourly Rate | Total |
|---|---|---|---|
| Keffer | 40.3 | $300.00 | $12,090.00 |
| Doran | 32.3 | $500.00 | $16,150.00 |

The total lodestar amount is thus $88,240.00.

Having established the lodestar fee award, the Court must next determine whether that amount should be increased or decreased based on other factors. Southall argues that the Court

should consider his ability to pay in setting a fee award. (Doc. No. 143-1.) The Court's "'primary concern in an attorney fee case is that the fee award be reasonable[,]'" and that concern is "heightened in cases such as this, where attorney fees are assessed against losing plaintiffs in a civil rights action, because such an award 'is an *extreme sanction*, and must be limited to *truly egregious cases* of misconduct.'" *Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 642 (6th Cir. 2009) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) and then quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)). For that reason, the Sixth Circuit has found an abuse of discretion when a district court failed to consider a plaintiff's ability to pay a fee award. *See Bagi v. City of Parma, Ohio*, 795 F. App'x 338, 344 (6th Cir. 2019); *Garner*, 554 F.3d at 642. Southall supports his assertions regarding his ability to pay with an affidavit filed in opposition to the issued bill of costs. (Doc. No. 240-2.)

Southall has provided documentation addressing his monthly income and expenses, which show him to have a monthly income of $9,496.05 and monthly expenses of $6,201.77.[7] (Doc. No. 143-7.) Southall states that he was discharged from bankruptcy in 2019. (Doc. No. 143-5.) Considering the evidence of Southall's financial circumstances, the relative financial status of the parties, and the extraordinary nature of a fee award to defendants in a civil rights action the Court concludes that an eighty-percent reduction of the fee awards for which Southall is liable is appropriate. *See Wolfe v. Perry*, 412 F.3d 707, 724 (6th Cir. 2005) (awarding a quarter of the fee award sought by the prevailing defendants).

The Court must also consider Southall's counsel's ability to pay sanctions imposed under 28 U.S.C. § 1927. *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990); *Kapco Mfg.*

---

[7] Southall argues that the approximately $2,000.00 per month he receives in Social Security benefits should not be considered as part of this sum. (Doc. No. 143-1.) The authority on which Southall relies does not support that conclusion.

*Co. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1496 (7th Cir. 1989). Southall's counsel has provided a declaration from the accountant who prepared her tax returns between 2018 and 2020. (Doc. No. 143-11.) The declaration states that counsel had a negative adjusted income in 2018 and 2020 and an adjusted income of $8,892.00 in 2019.[8] (*Id.*) These figures, calculated under the tax code, provide little insight into counsel's income and expenses. Regardless, fully realizing that the Court's ultimate view on the extent of any reduction is inherently discretionary and subjective, the Court must call it like it sees it; so doing here, the Court the Court finds that the eighty-percent reduction in the lodestar amount of Holland's fee award adequately addresses Southall's counsel's ability to pay the sanctions imposed under § 1927.

Reducing the lodestar amount by eighty percent to reflect Southall and his counsel's ability to pay yields a the total fee award to Holland of $17,648.00.

## IV. Conclusion

For these reasons, Concentra's motion for attorneys' fees is DENIED. Holland's motion for attorneys' fees is GRANTED. Attorneys' fees are awarded in the amount of $17,648.00. Holland's counsel is held jointly and severally liable for the full amount of that award under 28 U.S.C. § 1927.[9]

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[8] Counsel also includes excerpts from her 1040 forms for these years.

[9] Southall claims, similar to what he claimed in connection with an award of costs against him in *Southall I*, "that the sanction order was a product of implicit bias" and that this supposed fact supports denial of a fee award. (Doc. No. 143-1 at 22). The Court finds a complete lack of support for this supposed fact and does not factor into its analysis either the risk or the supposed actual implicit bias, and instead notes that it has decided the fee award issue here based on the applicable facts and law, and the exercise of its discretion—an exercise, notably, that has resulted in substantial leniency to Southall and his counsel.